■ ANONYMOUS, Plaintiff, v ANONYMOUS, Defendant. STATE OF NEW YORK ex rel. ANONYMOUS, Acting on Behalf of Both Infants, Appellant, v ANONYMOUS, Respondents. [721 NYS2d 618] —Order, Supreme Court, New York County (Judith Gische, J.), entered July 10, 2000, which, inter alia, granted respondent mother's motion to the extent of directing petitioner father to re-enroll the parties' younger son in Eagle Hill School for the 2000-2001 academic year, unanimously modified, on the facts and in the exercise of discretion, to provide that, should the father not meet the residency requirements previously imposed in this Court's order entered October 1, 1998, any educational decisions regarding the younger son are to made by the court, and otherwise affirmed, and order, same court and Justice, entered September 29, 2000, which, to the extent appealable, denied petitioner's motion to renew his opposition to the relief afforded respondent in the July 10, 2000 order, unanimously affirmed, all without costs.

In view of the history of this matter, the motion court appropriately directed petitioner father to re-enroll his younger child at the Eagle Hill School. As provided in our October 1, 1998 order, petitioner's prerogatives as the child's educational guardian were conditioned upon his meeting a residency requirement and, among other things, spending three out of every four weekends each month in New York during the boy's academic year. This requirement had nothing to do with the parties' visitation schedules and should not have been affected by any modifications therein. Moreover, the residency requirement was and is continual, and petitioner's compliance therewith was, accordingly, a proper area of concern for the motion court as it considered the permissible extent of petitioner's authority with respect to schooling decisions.

The evidence offered in support of respondent's motion established that the father had not met this Court's residency requirements and the father offered no evidence to the contrary.

We note that the motion court correctly observed that any attempt by petitioner to place the child in a boarding school outside of the Tri-State area would be contrary to our October 1, 1998 order. Should petitioner meet the residency requirements in time to choose the child's school for the 2001-2002 academic year, then, he should be aware that his authority is not plenary. Indeed, in addition to the geographical limitation, our October 1, 1998 order specifically provided that, prior to making any educational decisions regarding his younger child, petitioner must consult with respondent and obtain the *approval* of the headmaster of the school the child is attending at that time. Mere recommendations by the child's then headmaster are insufficient. Should petitioner fail to meet the residency requirements set forth by this Court, any decisions regarding the younger child's education are to be made by the court.

Finally, the motion court's denial of petitioner's motion to renew was correct. The evidence offered by petitioner was not new and he failed to establish its unavailability at the time of the original motion. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.